```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
           DALLAS DIVISION
```

| | |
|---|---|
| DERREL NORRIS, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:11-CV-1351-D |
| VS. | § |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION
## AND ORDER

In this medical negligence action seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, plaintiffs move to strike defendant's sole expert witness, Michael Coburn, M.D. ("Dr. Coburn"). For the reasons that follow,[1] the court denies the motion.

I

Plaintiffs Derrel and DeJuan Norris ("plaintiffs") sue defendant United States of America ("the government") for damages allegedly caused by the negligence of various physicians, surgeons, and physician's assistants at the Sam Rayburn Memorial Veterans Center in Bonham, Texas ("Bonham VAMC") and at the Veteran Affairs Medical Center in Dallas, Texas ("Dallas VAMC"). Plaintiffs allege that certain individuals employed at both facilities deviated from appropriate standards of medical care in providing treatment

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

to Derrel Norris ("Norris") by (1) failing to timely diagnose and treat necrotizing fasciitis at the time of Norris's initial visit to the Bonham VAMC on April 23, 2008; (2) failing to timely diagnose and treat necrotizing fasciitis from April 26, 2008 until April 27, 2008 at the Dallas VAMC, despite the presence of worrisome imaging studies; (3) failing to provide appropriate pain relief measures during the course of post-operative dressing changes on April 28, 2008 and again on April 29, 2008; and (4) committing other negligent acts or omissions, in violation of the applicable standards of medical care.

The government designated Dr. Coburn to provide expert testimony regarding "standard of care, causation, and damages applicable to the allegations of medical negligence made by Plaintiffs." Ps. App. 16. Plaintiffs move to strike Dr. Coburn as an expert witness, arguing that his report does not satisfy the requirements of Fed. R. Civ. P. 26.

II

Under Rule 26(a)(2)(B), the disclosures of certain expert witnesses must be accompanied by a written report that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming [the expert witness's opinion]." Rule 26(a)(2)(B). The Advisory Committee's Note to Rule 26 provides that expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Rule 26 advisory committee's note [(1993 Amendments)]. "These Notes also explain that the purpose of the

reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing Rule 26 advisory committee's note [(1993 Amendments)]). "The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) . . . [is to] prevent an ambush at trial." *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 2007 WL 5023541, at *1 (S.D. Tex. Feb. 1, 2007) (quoting *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiena de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)) (some internal quotation marks omitted). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (cited in *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998)).

III

Dr. Coburn's report satisfies the requirements of Rule 26. In his report, Dr. Coburn concludes that both Kristopher Baker, P.A. ("Baker") at the Bonham VAMC and the medical staff at the Dallas VAMC acted within the accepted standard of care in their diagnosis and treatment of Norris. He includes a list of materials he reviewed in forming his opinions, and he explains, albeit briefly, why the accepted standard of care did not require that Baker prescribe antibiotics or hospitalize Norris when he was seen at the Bonham VAMC, or require that the staff at the Dallas VAMC have followed a different course of treatment.

Based on his 20 years of experience in the field of urology, Dr. Coburn opines that Fournier's gangrene—the condition with which Norris was ultimately diagnosed—"is an insidious, infectious process for which delays in diagnosis are commonplace . . . due to the inherent difficulty in determining that one is actually dealing with a necrotizing infectious process until clear physical signs indicative of such a process are evident." Ps. App. 19. Dr. Coburn explains that, in determining a course of treatment, the provider must consider the entire range of diagnostic possibilities. In Norris' case, Dr. Coburn concludes that neither antibiotic treatment nor hospitalization was necessary as of April 22 and 23 because "the range of traumatic and inflammatory processes involving the scrotum and perineum are widely variable in etiology and presentation," because "the progression of such conditions is quite unpredictable," and because it is not clear that the gangrene that ultimately developed "was actually present to any degree" when Baker treated Norris. *Id.* at 20.

As to Norris' treatment at the Dallas VAMC, Dr. Coburn opines that, given the details of Norris' clinical presentation at that point, the standard of care required "institution of supportive care and broad spectrum antibiotic therapy, and to base the decision on the need for surgical drainage or debridement on the evolving process and available physical examination and other data." *Id.* Dr. Coburn concludes that, because the staff at the Dallas VAMC provided this level of care and treatment, and because timely surgical intervention was provided, there was no departure from the standard of care.

Whether an expert report is sufficiently complete, detailed, and in compliance with

Case 3:11-cv-01351-D   Document 49   Filed 04/12/12   Page 5 of 6   PageID 183

the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced depends on the nature of the expert testimony and the opinions expressed. There will be cases where the complexity of the expert testimony correspondingly requires a detailed expert report. But there will be instances in which testimony—although qualifying as opinion testimony that requires an expert report—is not so complicated that it requires something extensive. Because expert testimony can vary widely according to the subject matter of the litigation, the issues in a case, and the nature of the opinions themselves, it is difficult to generalize about how detailed an expert's report should be. Although Dr. Coburn's report is brief and lacks certain detail that plaintiffs might have preferred to have obtained without taking his deposition, the court cannot say that the report fails to satisfy the requirement that it contain "a complete statement of all opinions the witness will express and the basis and reasons for them."[2] Rule 26(a)(2)(B). Because Dr. Coburn's report satisfies the requirements of Rule 26, plaintiffs' motion must be denied.[3]

---

[2] Rule 26(a)(2)(B) requires that a retained expert must disclose "any exhibits that will be used[;] . . . the witness's qualifications, including a list of all publications authored in the previous 10 years; . . . a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and . . . a statement of the compensation to be paid for the study and testimony in the case." Rule 26(a)(2)(B). Because plaintiffs do not argue that Dr. Coburn's report fails to comply with these requirements, the court need not address them.

[3] This memorandum opinion and order addresses plaintiffs' motion to strike Dr. Coburn as an expert witness. It does not concern a motion under Rule 37(c) to preclude testimony that Dr. Coburn offers at trial. *See* Rule 37(c) ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also* Rule 26(a) advisory

\* \* \*

For the foregoing reasons, the court denies plaintiffs' January 17, 2012 motion to strike defendant's expert witness.

**SO ORDERED**.

April 12, 2012.

                                                 _____
                                                 SIDNEY A. FITZWATER
                                                 CHIEF JUDGE

---

committee's note [(1993 Amendment)] ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.").